IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JOSEPH ALEXANDER DANSBY                                    PLAINTIFF


v.                          Civil No. 4:26-cv-04022-SGS


CHALRES FRIDAY; BEN HALE;
HEATH ROSS; JOE SHORT; and
DUNCAN CULPEPPER                                          DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Joseph Alexander Dansby, currently an inmate of the Arkansas Division of Corrections, Ouachita River Unit filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and at least some of Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation, and the case will automatically be reassigned to United States District Judge Susan O. Hickey. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.    BACKGROUND

Plaintiff filed his Complaint on March 24, 2026, along with an application to proceed *in*

1

*forma pauperis* ("IFP").   (ECF Nos. 1-2).   Plaintiff was granted IFP status on the same day. (ECF No. 3).   In his Complaint, Plaintiff names five Defendants: (1) Heath Ross, head of Hempstead County Parole and Probation Office; (2) Charles Friday, his public defender; (3) Ben Hale, the prosecutor in Hempstead and Nevada counties; (4) Joe Short, Circuit Judge in Hempstead and Nevada counties; (5) Duncan Culpepper, Circuit Judge in Hempstead and Nevada counties. (ECF No. 1, pp. 2-3).   Plaintiff lists three claims in his Complaint, although his factual allegations overlap in Claims One and Three.

In Claim One, Plaintiff states that Defendants Friday, Hale, Short, and Ross violated his procedural and substantive due process rights on February 2, 2026 through February 10, 2026. Specifically, Plaintiff states:

> On 2-10-2026 I was taken to a hearing to violate my suspended sentence which was violated and allowed to be taken to a hearing by Judge Short after I put in a motion to dismiss hearing due to the warrant stems from Sept. 2024, and it was clearly past the 60 days after arrest cause I was already in custody in Sept. 2024.   And even after release . . . saw Heath Ross to fill out my papers.   I went . . . or was taken to a hearing where I had counsel who already told me and I relayed to the Judge Joe Short my counsel Charles Friday stated to me he would not defend me nor file any paper work on my behalf.   I was told I would not receive any other counsel.   I filed a motion for dismissal, then like 3 or 4 days later Mr. Friday files a Motion for Dismissal not stating all the grounds I set forth and compiled it by putting down things to incriminate me on his motion.   After being found guilty after hearing, prosecutor Ben Hale and Charles Friday using false testimony and dates the judge sentenced me to 6 years with 2 years time served and 4 years suspended.   I told the court I would be appealing the decision regardless.   Now I'm in prison where I was not given time served as the Judge stated and Charles Friday refuses to appeal my case.

(ECF No. 1, pp. 4-5) (cleaned up).   Plaintiff alleges Claim One against Defendants Friday, Hale, Short, and Ross in both their individual and official capacities.   For his official capacity claim, Plaintiff alleges:

> It is custom and policy to violate clients and citizens rights within the counties these people defend, prosecute and judge it's wide spread practice to even though they

2

know they are violating your rights they do it anyway like holding a hearing knowing it was past 60 days of arrest and knowing I was not given any paperwork at all to even know why I was being violated or taken to a hearing.

(ECF No. 1, p. 5) (cleaned up).

In Claim Two, Plaintiff claims Defendant Culpepper and Short violated his constitutional rights on January 3, 2026 through excessive bail and punishment.   Specifically, Plaintiff alleges:

I was given a 25,000 bond in Hempstead County by Judge Short for Nevada and Hempstead Counties charges since they were both combined and I was taken to one court date and hearing for it all, so on or about, January 3rd, 2026, I was bonded from Hempstead County jail on the 25,000 bond upon my supposed release Hempstead County tells me Nevada County has a hold on my, so on or about approx. January 6th I was taken to a bond Hearing in Nevada County where I was on video with Judge Culpepper and I stated to him I had just bonded out of Hempstead County for this same offense and he gave me a 25,000 bond anyway so a few days later approx.. I have my surety, get the bond money back from Hempstead via City Tele Coin wall phone, after that a day or 2 they call me in Nevada County to another bond hearing saying since I already bonded on the charges since they were combined they were again combing them and giving me 25,000 . . . instead of 2 bonds.

(ECF No. 1, p. 6) (cleaned up).   Plaintiff alleges this Claim Two against Defendants Culpepper and Short in their individual and official capacities.   Specifically, Plaintiff states:

It is custom and policy in these counties these judges and prosecutors violate your civil and constitutional rights by locking you up giving you excessive bonds, no bonds, or knowing you already bonded on the offense have you bond again on the same offense, even when there is no crime committed nor any probable cause it is wide spread in both Hempstead and Nevada Counties to do this to large amounts of people.

(ECF No. 1, p. 7) (cleaned up).

In Claim Three, Plaintiff claims Defendants Friday, Hale, Short, and Ross violated his constitutional rights on February 10, 2026 by: "Freedom and Independence & Equality before the Law, Life, Liberty And Property Redress wrongs."   (ECF No. 1, p. 7).   Plaintiff goes on to explain Claim Three more specifically:

By denying me my Freedom, Liberty, and Life and not redress they're wrong, by first off having A . . . Hearing when under state law it was After 60 days after the arrest and I was never ever given any paperwork as to why I was being revoked or violated, then they denied

3

my motion for dismissal of a hearing . . . A hearing the Judge Short granted me the two years time served seeing as I have over 2 ½ years in jail credit, 3 days later I had to be taken to the hospital and Nevada County and Hempstead County prosecutor, Judge and my attorney decide to manipulate my paperwork and change it to a prison sentence only giving me 407 days jail credit and sent me to ADC where I'm currently in prison.

(ECF No. 1, p. 8) (cleaned up).   Plaintiff alleges Claim Three against Defendants Friday, Hale, Short, and Ross in both their individual and official capacities.   Specifically alleging:

It is clearly custom and policy for these individuals to do what they are doing because they have gotten away with doing it for so long and they will not stop until they are prosecuted, fined, or relieved of they're duty of not abiding by the oath they took to go by the United States Constitution.

(ECF No. 1, pp. 8-9) (cleaned up).

For relief Plaintiff seeks compensatory, punitive, and injunctive relief through release from incarceration.   (ECF No. 1, p. 9).

## II.    APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

4

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    DISCUSSION

First, the crux of Plaintiff's allegations in his Complaint seek to gain relief from his conviction, sentence, and incarceration. Such allegations do not state a proper claim under section

1983.   Plaintiff may not use section 1983 as a substitute for *habeas* relief; instead, he must pursue any such claims through the proper avenue of 28 U.S.C. § 2254.   *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).   Plaintiff is plainly challenging his sentence and incarceration in all three of his claims as he argues he is improperly incarcerated and seeks compensation for such incarceration and release from such incarceration as his relief.   Such claims fail to state a cognizable section 1983 claim.

Additionally, Plaintiff may not recover damages for an unconstitutional conviction or imprisonment, as such claims are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   As evidenced by Plaintiff's Complaint, he is still imprisoned, and he has produced no evidence or allegations in his Complaint to meet the *Heck* requirements.   Plaintiff is clearly challenging his conviction, sentencing, and imprisonment in all three claims of his Complaint.   Accordingly, all claims asserted against all Defendants are barred by *Heck*.

Moreover, even if Plaintiff's claims were not barred by *Heck* and the *habeas* statute, Defendants Hale, Short, and Culpepper, as judges and state prosecutor, are all immune from Plaintiff's suit.   First Judge Short and Judge Culpepper enjoy complete judicial immunity.   "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction."   *Pierson v. Ray*, 386 U.S. 547,

6

553-54 (1967) (explaining the common law principle of judicial immunity was not abolished by Section 1983).   The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century."   *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985).   Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."   *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

Plaintiff did not allege Judge Short or Judge Culpepper acted outside their jurisdiction. Plaintiff's factual complaints against Judge Short and Judge Culpepper relate to his court appearances, bond amount, and sentence.   Clearly, court appearances, setting bonds, and sentencing criminal defendants fall within a judge's normal judicial activity.   *See Woodworth v. Hulshof*, 891 F.3d 1083, 1091 (explaining that judicial immunity applies if the act complained of is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity).   Accordingly, Plaintiff has failed to allege facts to overcome Judge Short or Judge Culpepper's judicial immunity.

Ben Hale, as a prosecuting attorney, also enjoys immunity from a section 1983 suit.   The Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under section 1983 "in initiating a prosecution and in presenting the State's case."   *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).   This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."   *Id*. at 430.   Furthermore, immunity

is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (internal citations omitted). Accordingly, Plaintiff has failed to allege facts to overcome Defendant Hale's prosecutorial immunity.

Similarly, Defendant Friday, as Plaintiff's public defender, is not subject to suit under section 1983. A section 1983 complaint must allege that each defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999). Public Defender Friday was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceeding"). Accordingly, as with the immunities explained above, even if Plaintiff's claims were not barred by *Heck* and the *habeas* statutes, he has nevertheless failed to state a claim under Section 1983 against Defendant Friday.

Finally, Plaintiff did not allege any factual allegations against Defendant Ross as the head of Hempstead County Parole and Probation Office. Without specific facts alleged, Plaintiff's claim against Defendant Ross must fail as a matter of law. *See Martin*, 780 F.2d at 1337.

### IV.    CONCLUSION

For these reasons, it is recommended the case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1); and that Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**Referral Status: Referral in this case should terminate at the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of April 2026.

/s/ *Spencer G. Singleton*

HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

9